IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL E. COOK,

    Petitioner,

v.                                                                        No. 2:20-cv-476-KWR-JHR

RICHARD MARTINEZ, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO, *et al*,

    Respondents.

## ORDER REQUIRING AMENDMENT AND DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** is before the Court on Petitioner Randall Cook's 28 U.S.C. § 2254 habeas petition (Doc. 4) (Petition). Also before the Court is Cook's motion to appoint habeas counsel (Doc. 5). Cook seeks relief from his state convictions for criminal sexual contact of a minor. The Petition does not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a), nor does it "substantially follow … the form" § 2254 petition, as required by Habeas Corpus Rule 2(d). The Petition consists of 196 pages, and instead of setting forth discrete grounds for the relief, Cook includes a narrative describing the history of the underlying criminal case. It is not the role of the Court to "sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). The Court will therefore order Cook to refile his claims on the proper § 2254 form by January 11, 2021.

When drafting his amendment, Cook should include a brief description of each claim (*e.g.,* "erroneous admission of testimony by Jane Doe" or "ineffective assistance by counsel") in the sections of the § 2254 petition titled "Ground One," "Ground Two," etc. Writing "see attached

pages" under each ground, and then attaching a lengthy narrative, will not suffice. Cook is also not required to describe the procedural history of the case or attach any state court records. The Court has electronic access to the state criminal docket for screening purposes, and if the claims survive initial review, Respondents will provide the full state court record, including any trial transcripts and appellate rulings. Cook is advised that the failure to timely file a single, amended § 2254 petition that complies with Rule 8(a) and this Order will result in dismissal of this action without further notice.

As to the request for counsel, there is no constitutional right to such relief in a habeas proceeding. *See Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint [habeas] counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Considering these factors, the Court is not persuaded that counsel should be appointed at this time. Cook appears to raise fairly standard habeas claims, and nearly all § 2254 claimants must proceed *pro se*. The Motion to Appoint Counsel (Doc. 5) will therefore be denied without prejudice. If the assigned Magistrate Judge conducts a hearing on the Petition, rather than resolving it on the record, counsel will be appointed as a matter of course.

**IT IS ORDERED** that no later than **January 11, 2021**, Cook shall file an amended § 2254 petition that appears on the proper form and is consistent with the above instructions.

**IT IS FURTHER ORDERED** that Cook's Motion to Appoint Counsel (**Doc. 5**) is

**DENIED WITHOUT PREJUDICE.**

      **IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Cook a blank § 2254 form.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE