IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RANDALL E. COOK,

    Petitioner,

vs.                                                        CV 20-0476 KWR/JHR

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Randall Cook's amended habeas corpus petition under 28 U.S.C. § 2254 [Doc. 7], filed December 29, 2020. Pursuant to 28 U.S.C. § 636(b), presiding District Judge Kea W. Riggs referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 13]. Having thoroughly reviewed the parties' submissions and the relevant law, I find Cook's petition is mixed and recommend allowing him the opportunity to amend his § 2254 petition to delete his unexhausted claims.

    **I.**    **BACKGROUND**

Cook was convicted after a jury trial by the State of New Mexico of multiple crimes including sex offenses involving minors. [Doc. 7, p. 1]. After direct appeal and state habeas proceedings, he sought discretionary review on his habeas proceedings by filing a *pro se* petition for writ of certiorari on August 19, 2019 [*See* Doc. 1, p. 5; Doc. 10-1, pp. 332-35], which was denied. [*See* Doc. 1, p. 5; Doc. 10-1, p. 418]. He then filed a § 2254 petition on May 18, 2020

1

[Doc. 1], and the amended § 2254 petition currently before the Court on December 29, 2020 [Doc. 7], raising eleven grounds[1] for federal habeas relief. [*See* Doc. 7, pp. 4-27]. Of relevance, in grounds 5(b)-(d), he alleges deficiencies by his trial counsel, appeal counsel and habeas counsel respectively. [Doc. 7, pp. 11, 24-25]. He further alleges a deficiency by the trial court in ground 6, a deficiency by the state habeas court in ground 7, and that the whole case should be dismissed for violation of the double jeopardy prohibition. [Doc. 7, pp. 13-16, 25-27].

Cook admits that grounds 5, 6, 7 and 8 have not been presented in state court, explaining that he "Couldn't Get Anyone to [Attorneys] listen to me, And the trial Judge Does Everything She can to Keep me Here." [Doc. 7, p. 18] (bracket in original).

Respondents answered on March 18, 2021, conceding that grounds 1, 2, 3, 4 and 5(a) are exhausted but asserting that the other grounds have not been presented to the state's highest court for exhaustion as required by federal habeas law. [Doc. 10, pp. 11-12].

Cook replied on March 26, 2021 [Doc. 11], arguing that grounds 5(b) and 5(c) should stay because he "tr[i]ed to [g]et [his] Counsel to listen [b]ut no one [d]i[d]," and that grounds 5(d), 6, 7, and 8 "[s]houl[d] stay[] [b]ecause [i]t [s]hows wrong [d]oing and bias of the Court." [*Id.*, pp. 3-4]. Cook also states that he "feel[s] Ground 3 [s]hould [b]e [d]ismissed." [*Id.*, p. 4].

## II.   DISCUSSION

### A. Exhaustion of State Remedies

A federal court cannot grant habeas relief to a state petitioner unless the petitioner first exhausts all available state court remedies on his federal claims. *See* 28 U.S.C. § 2254(b)(1); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Exhaustion requires that a petitioner fairly present the substance of his claim in the brief before the state's highest court. *See*

---

[1] Grounds 1, 2, 3, 4, 5(a), 5(b), 5(c), 5(d), 6, 7 and 8.

*Dever*, 36 F.3d at 1534; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, each claim, and each portion of each claim, must be submitted to the state's highest court for exhaustion. *Jernigan v. Jaramillo*, 436 Fed. App'x 852, 855-56 (10th Cir. 2011) (unpublished). The purpose is to allow state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012). Exhaustion is a threshold issue, and the petitioner bears the burden of demonstrating that he has exhausted available state court remedies. *See Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994); *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Here, Cook readily admits that he did not present grounds 5(b)-(d), 6-8 to the state court. [*See* Doc. 6, p. 18]. Cook instead gives reasons why he did not present them. [*See id.*; *see also* Doc. 11, pp. 3-4]. Exhaustion is a threshold issue, and the purpose of exhaustion is to allow state courts the opportunity to pass upon and address prisoners' federal rights. *See Prendergast*, 699 F.3d at 1184, *Harris*, 15 F.3d at 1554. Because Cook did not present these grounds to the state court, let alone "fairly present" them as required by federal habeas law, Cook therefore did not exhaust his state court remedies and this Court does not have jurisdiction to grant habeas relief on these claims.

### B.  Treatment of "Mixed" Petitions

A habeas petition that contains both exhausted and unexhausted claims is called a "mixed petition." *Pliler v. Ford*, 542 U.S. 225, 227 (2004). When a federal habeas corpus petition is "mixed," the Court must choose from the following actions: 1) dismiss the petition in its entirely without prejudice to refiling after exhaustion of all state remedies; 2) stay the federal case and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claim(s); 3) allow the petitioner to dismiss the unexhausted claim(s) in federal court and proceed on the

exhausted claim(s), or; 4) if it appears that all of the claims should be dismissed on their merits, ignore the exhaustion requirement and dismiss all claims. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). Cook's petition is "mixed" because he did not fairly present grounds 5(b)-(d), 6-8 to the state court.

A court may ignore the exhaustion requirement and dismiss all claims on their merits if it finds that none of the claims are meritorious. *Fairchild*, 579 F.3d at 1156. On initial review of the record, noting that the merits of Cook's claims are not fully briefed, I cannot find that all of the claims lack merit. Therefore, ignoring the exhaustion requirement and dismissing all claims is not appropriate.

A court should stay proceedings on a mixed petition and hold it in abeyance when the petitioner can show 1) good cause for failing to present the claims before the state court and 2) that the unexhausted claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Cook explains that he did not present the claims to the state court because his counsel wouldn't listen and the trial and state habeas judges wouldn't cooperate with him. [*See* Doc. 7, pp. 12-13, 15-16]. However, all of his unexhausted claims accrued before he filed his petition for writ before the New Mexico Supreme Court, and he filed that petition *pro se*. *See infra* p. 2; [Doc. 10-1, pp. 332-35]. Cook does not explain, nor is it obvious, why he cannot present his unexhausted grounds to the New Mexico Supreme Court. Therefore, Cook failed to show good cause for failing to present the claims before the state court, and the "stay and abeyance" mechanism is not appropriate.

A court may dismiss a mixed petition in its entirety without prejudice so that the petitioner can return to state court to present his unexhausted claims. *See Hoxie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997). However, a court should be reluctant to do so when the petitioner may be time-barred from returning to the federal court, since federal habeas petitions do not toll the one-

4

year statute of limitations for federal habeas proceedings. *See Dombos v. Jenecka*, CIV 09-0200-JB-GBW, 2010 WL 11623435, at *5 (D.N.M. June 23, 2010) (citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)). Here, Cook filed his federal habeas petition on May 18, 2020, amended petition on December 29, 2020, and his next § 2254 petition may be time-barred were he to try and return to federal court. *See*, *e.g.*, *Weber*, 544 U.S. at 274-75. Therefore, this option is not appropriate.

Because none of the other three options are appropriate, I therefore recommend allowing Cook the opportunity to amend his § 2254 petition to delete his unexhausted claims.

Cook should note that he may return to state court to present his unexhausted claims. However, if he does, this § 2254 petition will be dismissed. If this § 2254 petition is dismissed, Cook should note that the federal habeas one-year limitations period may bar all of his claims, even those which are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, 130 F. App'x 208, 210 (10th Cir. 2005) (unpublished).

### c. Ground 3

In Cook's reply, he states "I feel Ground 3 [s]hould [b]e [d]ismissed." [Doc. 11, p. 4]. Therefore, I recommend dismissing Cook's ground three for federal habeas relief.

### III.   RECOMMENDATION

I **recommend**

(1) dismissing Cook's ground three for federal habeas relief;

and because I find Cook's petition is mixed, I **further recommend**

(2) allowing Cook to file a second amended § 2254 petition that contains only exhausted claims within fourteen (14) days of the District Judge's Order adopting these findings; and

(3) if Cook files an amended petition, ordering Respondents to file an answer within thirty

(30) days after receipt of Cook's second amended petition; or

(4) if Cook does not file an amended petition free of unexhausted claims by the Court's deadline, then his current petition should be dismissed in its entirety without prejudice.

```
_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
```

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**